UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RYAN RUSSELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 26-CV-0129-CVE-CDL |
| ) | |
| T-MOBILE USA, INC., FRANK FLETCHER ) | |
| TOYOTA, GRAYSON LAMP, JACOB ) | |
| GERNAGEN, and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

On March 9, 2026, plaintiff Ryan Russell filed a pro se complaint (Dkt. # 2) and a motion to proceed in forma pauperis (Dkt. # 3). In reliance upon the representations and information set forth in plaintiff's motion for leave to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only prepayment of the fee, plaintiff remains obligated to pay the full $400 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that obligation to pay full amount of filing fee extends to all litigants who proceed in forma pauperis because "all § 1915(a) does for a litigant is excuse *pre*-payment of fees").

Plaintiff has filed a pro se complaint alleging claims based on his purchase of a cellular phone from T-Mobile USA, Inc. (T-Mobile), and he claims that T-Mobile employees Grayson Lamp and Jacob Gernagen improperly sold him a phone intended to be used for display purposes only. Dkt. # 2, at 2-3. He appears to be alleging that T-Mobile employees tampered with the phone and

allowed undisclosed persons access to his personal information. Id. at 3. Plaintiff alleges that he suffered home break-ins and property theft as a result of T-Mobile's conduct. Id. Plaintiff alleges that he purchased a vehicle at Frank Fletcher Toyota in Joplin, Missouri, and he observed that a former T-Mobile employee was working at the dealership. Id. Plaintiff states that the purchase contract required the dealership to provide him two key fobs, but he received only one key fob at the time of purchase. Id. He states that he later removed the "interior contents" of the vehicle and found a key fob without a key blade hidden inside the vehicle. Id. Plaintiff appears to be suggesting that the former T-Mobile employee was responsible for placing the key fob inside his vehicle and that the T-Mobile employee had a role in subsequently breaking into plaintiff's vehicle. Id. at 4. Plaintiff states that his phone, vehicle, and personal accounts have continuously been subject to theft or interference, and he claims that this is the result of a conspiracy involving T-Mobile employees and the dealership. Id.

Plaintiff cites 28 U.S.C. § 1331, and he appears to be asserting a claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. He also asserts state law claims of breach of contract, invasion of privacy, intentional infliction of emotional distress, conversion, negligence, and tortious interference with business relations. Id. at 4-5. He asserts that the Court can exercise supplemental jurisdiction over these claims. Id. at 2. Plaintiff seeks over $10 million in damages, which may include compensatory damages, statutory damages, punitive damages, and costs and fees. Id. at 5. The Court notes that plaintiff previously filed a case based on the same factual allegations, although not in as much detail, and plaintiff's claims were dismissed without prejudice to refiling. Ryan Russell v. T-Mobile USA, Inc. et al., 26-CV-006-CVE-JFJ, Dkt. ## 5,6 (N.D. Okla. Jan. 8, 2026)

Under 28 U.S.C. § 1915(a), a federal district court may allow a person to commence a civil action without prepayment of costs or fees and, although the statute references "prisoners," the Tenth Circuit has determined that the requirements of § 1915 apply to all persons seeking to proceed in forma pauperis. Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). Plaintiff is requesting leave to proceed in forma pauperis and the requirements of § 1915 are applicable to this case. Section 1915(e)(2) requires the district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted . . . ."

The Court will initially consider whether plaintiff's complaint could be construed to allege a colorable claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)). Plaintiff cites 18 U.S.C. § 1030(g), which does provide a private right of action in limited circumstances, but plaintiff has not alleged any specific conduct falling within the scope of the statute. The statute provides a private right of action for "damage" caused by unlawful access to a computer system, which means "impairment to the integrity of availability of data, a program, a system, or information." Plaintiff has made no

allegations falling with the scope of § 1030(g), as he seeks damages for purely private harm and not for harm to a computer system. Plaintiff does not appear to be alleging a claim under 42 U.S.C. § 1983, and he has made no allegations that any defendant was acting under color of state law. Wittner v. Banner Health, 720 F.3d 770, 773 (10th Cir. 2013) (§ 1983 requires that the person plaintiff seeks to hold liable was acting under the color of state law). The Court finds that plaintiff has not alleged a viable claim arising under federal law.

Plaintiff contends that the Court has supplemental jurisdiction over his state law claims, but the Court has found no viable federal law claims in plaintiff's complaint giving rise to federal question jurisdiction. Under 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over his state law claims, even if the Court were to assume that plaintiff had stated a colorable state law claim. Plaintiff is proceeding pro se and the Court has considered whether it could exercise diversity jurisdiction over plaintiff's state law claims. However, he has not alleged the citizenship of defendants and the Court cannot determine if it would be appropriate to exercise diversity jurisdiction over plaintiff's state law claims.

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed in forma pauperis (Dkt. # 3) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's complaint (Dkt. # 2) is **dismissed** under 28 U.S.C. § 1915 for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**DATED** this 12th day of March, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE